NEWMAN, Circuit Judge,
concurring-in-part, dissenting-in-part.
I join the court’s holding that Count VIII of the complaint, as filed on behalf of Randall B. Carter, does not violate Rule 11; this of itself suffices to establish federal jurisdiction of the related issues presented in Count I and Count XI, removing the foundation of the Rule 11 sanction. Thus I write separately because the sanction based on Counts I and XI should now also be reversed, instead of remanded for reconsideration.
Athough I strongly support the authority of the trial court to enforce the highest standards of attorney discipline, I cannot discern a supportable basis for violation of Rule 11 in the invocation of the Constitution in Count I of the complaint; or in seeking support in the Patent Act, in Count XI, for the asserted violation of the inventor’s right of secrecy. The Eleventh Circuit has explained that “Rule 11 is intended to deter claims with no factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential *1329 facts, may merit dismissal, but not punishment.” Davis v. Carl, 906 F.2d 533, 538 (11th Cir.1990). While my colleagues have invited reconsideration by the district court of the basis for the Rule 11 sanction, now that a basis for federal jurisdiction has been recognized in the complaint as filed, I see no reason to prolong this satellite litigation on Rule 11.
The district court dismissed Count I under Federal Rule of Civil Procedure 12(b)(6), having concluded that Mr. Carter’s “allegations related to the attempted theft of his invention are troublesome and, if true, will likely entitle him to relief,” Carter v. ALK Holdings, Inc., 510 F.Supp.2d 1299, 1308 (N.D.Ga.2007), but that these allegations did not state claims for relief under the Constitution or the patent statute. The paragraphs of the complaint presented in support of Count I recite the assertedly improper acts of the defendants: filing a patent application naming a non-inventor as a joint inventor (¶ 31); barring Mr. Carter from access to the prosecution of his patent application (¶ 35); attempting to deceive or coerce Mr. Carter into assigning his invention to his then employer (¶¶ 31, 32, 34); and conflict of patent attorney interest (¶¶ 31-36). The relief requested in Count I is summarized in the count’s culminating paragraph:
36. Randall B. Carter is entitled to an order from this Court declaring that John Doe I, by acting as a licensed patent attorney under the authority of the United States Patent and Trademark Office and through the Patent Laws of the United States, has violated Randall B. Carter’s Constitutional Rights by depriving Randall B. Carter of his right to join in the prosecution of his patent application and to secure his Constitutional right of the exclusive right to his invention, and moreover by continued, improper and oppressive threats of termination unless Randall B. Carter would acquiesce in such intimidation and hence assign his rights to Acme.
The issue on this appeal is not whether Count I was properly dismissed under Rule 12(b)(6); the issue is whether counsel should be sanctioned for presenting this count at all. It is not that unusual to invoke the Constitution in patent cases. In Figueroa v. United States, 466 F.3d 1023, 1029-34 (Fed.Cir.2006), this court reviewed the merits of a claim that congressional diversion of patent fees violates Article I, Section 8, Clause 8 because the fees are used for non-patent-related purposes. In Association for Molecular Pathology v. U.S. Patent & Trademark Office, — F.Supp.2d -, 2010 WL 1233416 (S.D.N.Y. March 29, 2010), the court responded to the plaintiffs claim that patenting of genetic material violates Article I, Section 8, Clause 8 by citing the “doctrine of constitutional avoidance,” which provides that “if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter,” Ashwander v. TVA, 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandéis, J., concurring). The court held that since the issue was resolved on other grounds, the court need not reach the constitutional claim, and dismissed the constitutional claim without prejudice. Ass’n for Molecular Pathology, — F.Supp.2d at -, 2010 WL 1233416, at *51. In a parallel holding, the district court here stated that application of state law could resolve the questions of inventorship, coercion, and attorney misfeasance that are the bases of Count I. This view does not convert the pleading of the constitutional claim into a Rule 11 violation.
*1330 The Eleventh Circuit has explained that Rule 11 “is not intended to chill an attorney’s enthusiasm or creativity in pursuing factual or legal theories.” Donaldson v. Clark, 819 F.2d 1551, 1561 (11th Cir.1987) (quoting Rule 11 Advisory Committee Notes, 1983). Amendments to Rule 11 have been made to “placet] greater constraints on the imposition of sanctions” and to “reduce the number of motions for sanctions presented to the court.” Rule 11 Advisory Committee Notes, 1993. Such tolerance is warranted here, where there is no issue of fraud, misrepresentation, bad faith, abuse of process, or other egregious act in presenting this pleading. It may be that invoking the Patent Clause of the Constitution to support the inventor’s claim of exclusive right to this invention is a “creative claim,” but it is not so outré as to warrant the blot of Rule 11 attorney sanction.
Count XI of the complaint presents the theory that the secrecy of Mr. Carter’s patent application was violated by John Doe’s disclosures to the persons who were improperly named as joint inventors. The district court dismissed this count on the ground that 35 U.S.C. § 122 is directed only to secrecy within the Patent and Trademark Office. Again, the issue on appeal is not the merits of the dismissal; the issue is whether the pleading of Count XI was “egregious” and should be sanctioned. See Davis, 906 F.2d at 538 (“Although we have in the past viewed certain claims as legally groundless, we have done so only in circumstances far more egregious than those involved here.”).
The district court attributed its overall levy of Rule 11 sanction to counsel’s attempt to bring a garden-variety state court action into the federal system. Now that this court has determined that a substantial question of patent law was implicated, such that the case could have been pursued in the federal system, I see no need to prolong the Rule 11 debate, for its premise no longer exists. I would reverse the sanctions ruling.